UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Derek J. Baker, Esquire (1998001688)
Brian M. Schenker, Esquire
Lauren S. Zabel, Esquire (012132010)
REED SMITH LLP
506 Carnegie Venter, Suite 300
Princeton, New Jersey 08540
Telephone:  609-987-0050
Fax:  609-951-0824
dbaker@reedsmith.com
bschenker@reedsmith.com

*Counsel for BEB Bergen Ave, LLC*

| In re: | Chapter 11 |
|---|---|
| SUPOR PROPERTIES BERGEN AVENUE LLC | Case No. 23-15758-SLM |
| Debtor | |

# DECLARATION OF DEREK J. BAKER, ESQ. REGARDING VOTING AND TABULATION OF BALLOTS CAST ON THE SECOND AMENDED PLAN OF LIQUIDATION

I, Derek J. Baker, declare, under penalty of perjury:

1. I am a partner at Reed Smith LLP ("Reed Smith").

2. I submit this Declaration with respect to the *Second Amended Plan of Liquidation* [Dkt. No. 140] (as amended, supplemented, or modified from time to time, the "Plan").[1]  Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents.  I am authorized to submit this Declaration on behalf of BEB Bergen Ave, LLC in its capacity as proponent of the Plan (in such capacity, the "Plan Proponent").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan and the Solicitation Order (as defined below).

If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. Pursuant to the Plan, the following Classes (the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Class | Description |
|---|---|
| 2 | Secured Claims of Secured Creditor |
| 3 | General Unsecured Claims |
| 4 | Insider Claims |
| 5 | Equity Interests |

4. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Confirmation Hearing Notice; and (IV) Granting Related Relief* [Dkt. No. 112] (the "Solicitation Order"). Reed Smith was instructed by the Plan Proponent to solicit, review, determine the validity of, and tabulate ballots submitted to vote to accept or reject the Plan by the holders of Claims in the Voting Classes in accordance with the Solicitation Order.

5. In accordance with the Solicitation Order, the holders of Claims in the Voting Classes were served. The *Certificate of Service* relating to the solicitation materials was filed with this Court on December 11, 2023 [Dkt. No. 120].

6. For a ballot to be counted as valid, the ballot must have been properly completed and signed in accordance with the procedures set forth in the Solicitation Order and executed by

the relevant holder, or such holder's authorized representative, and must have been received by Counsel for the Plan Proponent no later than 5:00 p.m. (Prevailing Eastern Time) on January 9, 2024 (the "Voting Deadline").

7. Ballots returned by mail, hand delivery, or overnight courier were received by Reed Smith. All ballots received by Reed Smith were processed in accordance with the procedures set forth in the Solicitation Order.

8. All validly executed ballots cast by holders of Claims in the Voting Class received by Reed Smith on or before the Voting Deadline were tabulated as outlined in the Solicitation Order. I declare that the results of the voting by holders of Claims in the Voting Class are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed ballots received by Reed Smith.

9. A report of all Ballots not included in the tabulation prepared and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

10. I further declare that there were no ballots received by Reed Smith that were not counted and reflected in Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED:   January 18, 2024

/s/ Derek J. Baker, Esq.
Derek J. Baker, Esq.

## EXHIBIT A

### Tabulation Summary

| VOTING CLASS | ACCEPTING | | REJECTING | |
|---|---|---|---|---|
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 2 (Secured Claim of Secured Creditor) | $18,235,251.91  100% | 1  100% | n/a  0% | 0  0% |
| Class 3 (General Unsecured Claims) | $18,235,251.91  100% | 1  100% | n/a  0% | 0  0% |
| Class 4 (Insider Claims) | n/a  0% | 0  0% | n/a  0% | 0  0% |
| Class 5 (Equity Interests) | n/a  0% | 0  0% | n/a  0% | 0  0% |

## EXHIBIT B

### Excluded Ballots

| Name | Purported Class | Reasons for Exclusion |
|---|---|---|
| Global International Advisors, LLC | Unknown | 1. The ballot does not identify the class of claims for which it is submitted.<br>2. The purported creditor has not filed a proof of claim and the Debtor's schedules list pre-petition debt owed to the purported creditor as "disputed".<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| J. Supor Realty LLC | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| J. Supor & Son Trucking and Rigging | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| Supor Crane & Rigging LLC | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| Supor Trucking LLC | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |

| Name | Purported Class | Reasons for Exclusion |
|---|---|---|
| Joseph III, as Trustee of Marital Trust | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| Joseph Supor III | Class 4 | 1. The ballot does not identify the amount of the claim.<br>2. The purported creditor has not filed a proof of claim.<br>3. To the extent the purported creditor has a potential rejection damages claim, the purported creditor has not filed a motion for temporary allowance under Federal Rule 3018(a). |
| Joseph III, as Trustee of Marital Trust | Class 5 | 1. The ballot does not identify the amount of the interest.<br>2. The purported creditor has not filed a proof of interest. |