| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**Forman Holt**<br>365 West Passaic Street<br>Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 857-7110<br>Facsimile:  (201) 665-6650<br>Charles M. Forman, Esq. (CMF-8937)<br>Michael E. Holt, Esq. (MEH-8735)<br>*Counsel for Supor Properties Bergen Avenue LLC*<br><br>**K&L Gates LLP**<br>One Newark Center<br>1085 Raymond Boulevard, 10th Floor<br>Newark, NJ 07102<br>Telephone: (973) 848-4000<br>Facsimile:  (973) 848-4001<br>Daniel M. Eliades, Esq. (DME-6203)<br>David S. Catuogno, Esq (DSC-1397)<br>Caitlin C. Conklin, Esq. (CCC-5117)<br>*Counsel for Joseph Supor III* | |
| In re:<br><br>Supor Properties Bergen Avenue LLC,<br><br>                          Debtor. | Case No. 23-15758 (SLM)<br>Judge: Hon. Stacey L. Meisel<br>Chapter 11 |

**JOINT OBJECTION OF SUPOR PROPERTIES BERGEN AVENUE LLC AND JOSEPH SUPOR III TO BEB BERGEN AVE., LLC'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 3018(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE TEMPORARY ALLOWANCE OF THE CLAIM OF BEB BERGEN AVE., LLC FOR THE SOLE PURPOSE OF VOTING <u>TO ACCEPT OR REJECT PLAN</u>**

Supor Properties Bergen Avenue LLC ("<u>Supor Properties</u>" or "<u>Debtor</u>") and Joseph Supor, III ("<u>Mr. Supor</u>", and collectively with Debtor, the "<u>Objectors</u>") by and through their undersigned counsel hereby file this Joint Objection (the "<u>Objection</u>") to the Motion of BEB

Bergen Ave., LLC ("BEB Bergen") for Entry of an Order Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure Authorizing the Temporary Allowance of the Claim of BEB Bergen for the Sole Purpose of Voting to Accept or Reject Plan (the "3018 Motion") [ECF No. 145]. In support of the Joint Objection, the Objectors state as follows:

## BACKGROUND

**A.    The Debtor, the Foreclosure Action, and the BEB POC**

Debtor is the sole owner of 433 Bergen Avenue, Kearny, New Jersey (the "Debtor Property"). Pursuant to an appraisal of the Debtor Property of Integra Realty Resources, the "as is market value" of the Debtor Property as of April 27, 2022 was $38,500,000. Pursuant to an appraisal of the Debtor Property of Cushman & Wakefield, the "as is market value" of the Debtor Property as of August 30, 2022 was $36,300,000. On January 19, 2024, the Debtor filed Amended Schedules [ECF No. 150] listing an estimated value of $40,000,000 for the Debtor Property as of the Petition Date.

The Debtor Property was encumbered by a Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated August 4, 2021 (the "Mortgage"), originally held by BEB Credit Group II, LLC ("BEB Credit Group"). The Mortgage secured a Promissory Note of Debtor to BEB Credit Group dated August 4, 2021 in the original principal amount of $13,500,000 (the "Note"). The Mortgage, Note and other related documents and instruments are collectively referred to as the "Loan Documents".[1]

On February 17, 2023, a New Jersey Superior Court entered a *Final Judgment in Foreclosure* in favor of BEB Credit Group against the Debtor for $16,219,161.27 (the

---

[1] As set forth in the Joint Combined Plan and Disclosure Statement of Joseph Supor III and the Debtor [ECF No. 154], Objectors contend that the loan was originated under questionable circumstances and reserve all rights in that regard.

"Foreclosure Judgment").[2] The Foreclosure Judgment includes a specific award of attorneys' fees of $7,500. *See id.*

On September 11, 2023, less than six months after entry of the Foreclosure Judgment, BEB Bergen filed a proof of secured claim in the amount of $18,235,251.91 [Claim No. 1] (the "BEB POC") – more than $2 million more than the amount of the Foreclosure Judgment. The BEB POC asserts a secured claim and does not assert an unsecured claim. In fact, in response to Question 9 on the proof of claim form, BEB Bergen asserts that its claim is "100% secured."

Objectors submit that the Foreclosure Judgment is the exclusive means of establishing and quantifying BEB Bergen's claims against Debtor at this time.

Objectors also contend that the BEB POC is overstated by nearly $1.9 million, asserting interest and other amounts far in excess of what is lawful, and far in excess of what BEB Bergen is entitled under the Foreclosure Judgment.

Specifically, Objectors assert that the BEB POC is overstated as it asserts default interest of 24% through the Petition Date, even though the default rate ceased to be applicable no later than December 19, 2022 - the date used to liquidate Debtor's obligation to BEB Bergen's predecessor in the Foreclosure Judgment. Per the Foreclosure Judgment, as of December 19, 2022, BEB Bergen was entitled to "lawful interest." Under applicable New Jersey law, as of the Petition Date, lawful interest was 2.25%. Once the Foreclosure Judgment was entered, the mortgage merged into the judgment and, from that point forward,

---

[2] The Final Judgment recited to an amount due of $16,219,161.27 "as of December 19, 2022, together with lawful interest thereafter." The BEB POC erroneously asserts the final judgment amount as $16,767,773.51, which adds on interest for the intervening period of December 19, 2021 through February 17, 2023, presumably calculated at the default rate of 24% per annum.

the obligation to BEB Bergen accrued interest at the state lawful judgment interest rate of 2.25% - to the exclusion of any interest provision(s) in the Loan Documents.

In terms of actual dollars, the BEB POC asserts default interest at $9,000 per day from December 19, 2022 through the Petition Date of July 5, 2023. The BEB POC therefore improperly asserts default rate interest for 198 days, which, at $9,000 per day, amounts to at $1,782,000. Calculated at the proper rate of 2.25%, the actual lawful interest on the Foreclosure Judgment is $999.81 per day, which, over 198 days through the Petition Date, amounts to $197,962.38. Hence, the BEB POC overstates interest due by more than $1.5 million.

Additionally, the BEB POC improperly asserts $223,908.91 in "unreimbursed attorneys' fees" as of the Petition Date. As a legal matter, BEB Bergen has already been awarded all the attorneys' fees to which it is entitled. The Foreclosure Judgment includes an award of attorneys' fees of $7,500, which is the capped maximum amount of attorneys' fees allowable under N.J. Court Rule 4:42-9(a) (4).[3] Thus, BEB Bergen is not entitled to any further attorneys' fees over and above the $7,500 maximum allowable amount as awarded by the New Jersey Superior Court in the Foreclosure Judgment.

Similarly, the BEB POC includes $75,374.25 in late charges that were not included in the Foreclosure Judgment. Under applicable law, there is no basis for BEB Bergen to recover additional late fees over and above those included in the Foreclosure Judgment. As the Loan Documents merged into the Foreclosure Judgment in December of 2022, they ceased to exist as of that time - meaning there were no longer any monthly payment obligations. If there were no

---

[3] Additionally, in filings submitted to the state court in support of the entry of the Foreclosure Judgment, BEB Bergen conceded that it was limiting its reimbursable attorney fee request to $7,500 and waived all other legal fees incurred as of the date the Foreclosure Judgment was entered.

payment obligations, there can be no late payment charges as to non-existent payment obligations.

The asserted attorneys' fees and late fees together represent another $299,283.16 in improper amounts included in the BEB POC. When combined with the impermissible post-Foreclosure Judgment default interest, this means that the BEB POC is overstated by more than $1.8 million.

On January 9, 2024, Objectors filed a *Joint Objection of Debtor and Joseph Supor III to Proof of Claim of BEB Bergen Ave. LLC* (the "Claim Objection") [ECF No. 132].

B. **The BEB Plan and Voting**

On November 6, 2023, BEB Bergen filed a *Proposed Plan of Liquidation* (the "BEB Plan"). [ECF No. 114]. BEB Bergen has filed two amendments to the Disclosure Statement and Proposed Plan of Liquidation since its initial filing. [ECF Nos. 115, 141].

On December 5, 2023, the Court entered an *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Confirmation Hearing Notice; and (IV) Granting Related Relief* [ECF No. 112] (the "Solicitation Order"). In the Solicitation Order, the Bankruptcy Court (i) approved the Disclosure Statement on an interim basis, (ii) approved the proposed procedures for the solicitation of votes, voting, and form of ballots with respect to the Plan (collectively, the "Solicitation Procedures"), (iii) scheduled a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan, (iv) established January 9, 2024 as the objection deadline to object to the adequacy of the Disclosure Statement and/or confirmation of the Plan (the "Objection Deadline"), and (v) approved the form and manner of notice thereof.

Pursuant to the BEB Plan, Class 2 and Class 3 members are described as:

**Class 2—Secured Claim of Secured Creditor**
Class 2 consists of the Secured Claim of the Secured Creditor (except any portion of such Secured Claim which is an Unsecured Claim pursuant to Section 506 of the Code, which is treated in Class 3). The Secured Claim of the Secured Creditor (including all Plan Funding Advances) shall be an Allowed Secured Claim.

**Class 3—General Unsecured Claims**
Class 3 consists of general Unsecured Claims (except those treated in Class 4), any portions of the Secured Claims which are Unsecured Claims pursuant to Section 506 of the Code, and any Rejection Claims (except those treated in Class 4). This Class includes any and all Claims not more particularly described in the Plan. Any Unsecured Claim of the Secured Creditor shall be an Allowed Unsecured Claim.

[ECF No. 141].

Pursuant to the Solicitation Order, ballots were required to be submitted to counsel for BEB Bergen so as to be received not later than 5:00 p.m. on January 9, 2024 (the "Voting Deadline"). [ECF No. 112].

On January 18, 2024, BEB Bergen filed a *Declaration of Derek J. Baker, Esq. Regarding Voting and Tabulation of Ballots Cast on the Second Amended Plan of Liquidation* (the "Tabulation of Ballots"). [ECF No. 142].

Although the Claim Objection was pending, pursuant to the Tabulation of Ballots, BEB Bergen accepted BEB Bergen's vote of the entire amount of the BEB POC in both Class 2 and Class 3 as set forth below:

| VOTING CLASS | ACCEPTING | | REJECTING | |
|---|---|---|---|---|
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 2 (Secured Claim of Secured Creditor) | $18,235,251.91 100% | 1 100% | n/a 0% | 0 0% |
| Class 3 (General Unsecured Claims) | $18,235,251.91 100% | 1 100% | n/a 0% | 0 0% |

Additionally, on January 18, 2024, BEB Bergen filed the 3018 Motion seeking allowance of its claim as a secured claim in the amount of $16,219,161.27, and as a unsecured claim in the amount of $2,016,090.70.

## **OBJECTION**

Bankruptcy Rule 3018(a) provides that a court may temporarily allow a claim in an amount in which that court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Such determination is left to the discretion of the courts. *See In re Harmony Holdings, LLC*, 395 B.R. 350, 354 (Bankr. D.S.C. 2008). Courts evaluating whether to temporarily allow a claim for voting purposes have utilized a variety of "multi-factor tests". *See id*. (citing *In re Armstrong*, 294 B.R. 344, 354 (10th Cir. BAP 2003) (Identifying three non-exclusive circumstances: (1) when an objection to the claim has been filed and the objection was filed too late to be heard prior to the confirmation hearing, (2) when fully hearing the objection would delay administration of the case, or (3) when the objection is frivolous or of questionable merit.); *In re Gardinier*, 55 B.R. 601, 604-05 (Bankr.M.D.Fla.1985) (Considering (1) whether the objection to the claim at issue "appears to be frivolous or without basis," (2) the effective power which the holder of the disputed claim may have to "scuttle [the] reorganization proceeding, which is almost near completion[,]" and (3) given the facts of that case, that the debtor was willing to preserve funds to pay the disputed claim under the terms of the plan in the event the claim was ultimately allowed.). Regardless of factors considered, however, the decision ultimately rests at the discretion of the court. *See id*. (*citing In re Remington Forest*, 1996 WL 33340744 at *9 (Bankr.D.S.C. June 18, 1996)); *see also In re Mangia Pizza Invs., LP*, 480 B.R. 669, 680 (Bankr. W.D. Tex. 2012) ("While several courts have developed various multi-factor tests to apply when determining whether to temporarily allow a claim for purposes of voting, the choice is ultimately one of the court's discretion.").

As more fully discussed in the Claim Objection, BEB POC seeks default interest at $9,000 per day from December 19, 2022 through the Petition Date of July 5, 2023. Additionally, the BEB POC improperly asserts $223,908.91 in "unreimbursed attorneys' fees" as of the Petition Date. These amounts do not conform to the amounts due pursuant to the Foreclosure Judgment. As such, it would be inequitable to allow BEB Bergen to vote this portion of the BEB Claim (not only once but twice) as it is extremely unlikely that BEB Bergen will receive interest at 24% post-judgment and post-petition without a more substantive showing justifying the award of such an extremely high rate. A 24% default rate reflects a 16-17% increase (more than triple) over the initial contract interest rate of 7.75%, which is patently unreasonable and offensive to notions of fairness and equity.

Moreover, the 3018 Motion seeks allowance of the BEB Claim as a secured claim in the amount of $16,219,161.27, and as an unsecured claim in the amount of $2,016,090.70. Rule 3018(a) provides that ". . . the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Nothing in Rule 3018 allows a creditor to bifurcate the disputed portion of its claim.

Objectors do not object to the temporary allowance, solely for voting purposes, of a secured claim on behalf of BEB Bergen in the amount of $16,219,161.27.[4] They do, however, object to the temporary allowance of an unsecured claim of in the amount of $2,016,090.70, or for that matter, the allowance of any unsecured claim on behalf of BEB Bergen, temporarily or otherwise.

Here, BEB Bergen filed a secured claim only. It has not filed an amended claim, nor has

---

[4] This position is limited to the temporary allowance for voting purposes only. Objectors reserve all other rights and claims as to the BEB POC and claim as asserted in the Joint Claim Objection and/or otherwise.

it filed a separate unsecured claim. BEB Bergen has not advanced any argument or authority that would justify $2,016,090.70 as an unsecured claim pursuant to Section 506 of the Bankruptcy Code, nor has it cited any authority justifying bifurcation of its claim.

Objectors assert that the Foreclosure Judgment liquidates the amount due to BEB Bergen and that is the exclusive vehicle for quantifying the amount of the claim and establishing the nature of the claim. As such, Objectors object to the Motion to the extent it seeks the temporary allowance of any unsecured claim on behalf of BEB Bergen, or otherwise seeks to validate any such unsecured claim.

Accordingly, Objectors assert that this Court should exercise its discretion to deny the Motion as to any unsecured claim asserted by BEB Bergen.

**WHEREFORE**, Objectors respectfully requests that the Court deny the Motion as to the alleged unsecured claim and permit BEB Bergen to vote only the undisputed portion of its claim in the amount of $16,219,161.27 in Class 2.

Dated: January 27, 2024

Respectfully submitted,

By: */s/ Michael E. Holt*
    Michael E. Holt, Esq.
    Forman Holt
    365 West Passaic Street, Suite 400
    Rochelle Park, NJ 07662
    Telephone: 201-857-7110
    Fax: 201-665-6650
    mholt@formanlaw.com

By: */s/ David S. Catuogno*
    David S. Catuogno, Esq.
    K&L Gates LLP
    One Newark Center, 10th Floor
    Newark, NJ 07102
    Telephone: 973-848-4000
    Fax: 973-848-4001
    Daniel.Eliades@klgates.com