**McMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ  08611
609.695.6070
*ATTORNEYS FOR ANDREA DOBIN, CHAPTER 11 TRUSTEE*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | CHAPTER 11 OF THE BANKRUPTCY CODE |
| | Honorable Stacey L. Meisel, U.S.B.J. |
| Supor Properties Bergen Avenue LLC, | Case No.23-15758(SLM) |
| Debtor. | **FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES SUBMITTED BY McMANIMON, SCOTLAND & BAUMANN, LLC COUNSEL FOR CHAPTER 11 TRUSTEE, ANDREA DOBIN** |

The First and Final Application ("Application") of McManimon, Scotland & Baumann, LLC, ("Applicant"), counsel for the Chapter 11 Trustee, Andrea Dobin, (the "Trustee"), respectfully sets forth and alleges:

### I. INTRODUCTION

1. On or about July 5, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) in the United States Bankruptcy Court for New Jersey.

2. On or about November 15, 2023, Andrea Dobin was appointed Chapter 11 Trustee, and she qualified for and accepted said appointment.

3. On November 29, 2023, the Court entered an Order, effective as of November 15, 2023, authorizing the Trustee to retain the Applicant as counsel in this proceeding.

4. From November 15, 2023, through March 29, 2024, the period of which first and final allowance is sought, the total time devoted to this matter including the attorneys, paraprofessionals and law clerks involved, as reflected in these time sheets, and the regular hourly billing rates, is summarized on the invoice annexed hereto and made part hereof as Exhibit "A". Based upon the time devoted to this matter, and all of the other matters set forth in this Application, your Applicant seeks an award of professional fees, for this time period, of $53,924.00 together with disbursements of $1,524.33 for a total award of $55,448.33.

5. All services for which compensation is requested by Applicant were performed for and on behalf of the Trustee and there are no agreements or understandings for the sharing of any compensation.

6. Annexed hereto and made a part hereof as Exhibit "A" is a detailed day-by-day record of the services performed and of the time spent by employees of Applicant in connection with this matter. The information in Exhibit "A" has been extracted from the daily time records maintained by every attorney, paraprofessional and law clerks of Applicant as a routine business practice and recorded in the ordinary course of business for the purpose of billing all clients. These billing rates are those regularly charged to Applicant's clients during the time period the services were performed by each attorney and other employees of Applicant.

## II. SUMMARY OF SERVICES RENDERED

7. McManimon, Scotland & Baumann, LLC ("Applicant") was retained as counsel to Andrea Dobin, the Chapter 11 Trustee ("Trustee"), who was appointed in the Chapter 11 proceeding of Supor Properties Bergen Avenue, LLC ("Debtor"). During the time period of Applicant's within First and Final Fee Application: (a) Applicant supported the Trustee's activities as she investigated the Debtor's operations, including the ownership of commercial property located at 433 Bergen Avenue, Kearny, New Jersey ("Property"), investigation of leases

2

related to the Property and other assets of the Debtor; (b) plan confirmation process; and (c) potential sale and other options relating to the Property, the Debtor's primary asset.

8. This First and Final Application on behalf of Applicant as counsel to the Trustee relates to actions taken from the Trustee's appointment through the confirmation process.

9. First, Applicant assisted the Trustee in her discussions with counsel to BEB Bergen Avenue, LLC ("Secured Creditor"), the primary secured creditor of the Debtor, and investigation relating to the secured debt against the Property.

10. Second, the Applicant assisted the Trustee in her discussions with counsel to the Debtor and its principal, Joseph Supor, III ("Mr. Supor"). The Trustee had numerous conversations with the Debtor's counsel, and met with Mr. Supor and certain advisors to understand the Debtor's business and identify issues and actions to be taken.

11. After meeting and conferring with the interested parties, the Trustee prepared her Report of Initial Investigation pursuant to 11 U.S.C. § 1106(a)(4)(A) and Statement as to Plan Prospects pursuant to 11 U.S.C. § 1106(a)(5) ("Report"). The Report was instrumental in providing the Court, and all the parties, with an identification of all of the issues, and problems, relating to this Debtor and the reorganization process.

12. Fourth, the Applicant assisted the Trustee with the review and analysis of the competing Plans on file by the Debtor and the Secured Creditor, which led to the Trustee's support of the Secured Creditor's proposed Plan, and conditional approval of the Secured Creditor's Disclosure Statement.

13. In the Interim, the Debtor and Mr. Supor each retained new, more experienced bankruptcy counsel, and Applicant was instrumental in the Trustee's communications and discussions with the new counsel relating to a revised Plan.

14. Fifth, the Applicant assisted the Trustee in her discussions between the Secured Creditor, Debtor and Mr. Supor, in a *de facto* mediation process, which ultimately resulted in the parties agreeing to a revised Plan of Reorganization/Liquidation, and path forward for a consensual plan process, which was ultimately confirmed by the Court.

15. Finally, the Trustee has not billed for services otherwise charged for legal type services and which were maintained under a separate billing number and for which the Trustee is not seeking reimbursement for. The Trustee will receive compensation by way of payment of a commission when the Plan is consummated.

16. Applicant continued to assist the Trustee as she transitioned to the appointed Plan Administrator pursuant to the confirmed Joint Plan. Applicant's services, which resulted in successful confirmation of this Chapter 11 case, is entitled to compensation.

### III. STANDARDS FOR AWARD OF FEES

17. The Applicant recognizes that in order to establish an objective basis for determining the amount of compensation that is reasonable for attorneys' services, the Court should consider the following factors in awarding attorneys' fees;

    a) time and labor required;

    b) novelty and difficulty of the questions;

    c) skill requisite to perform the legal services properly;

    d) the customary fee;

    e) whether the fee is fixed or contingent;

    f) the amount involved and the results achieved;

    g) time and limitation imposed by client or other circumstances;

    h) the experience, reputation and ability of the attorneys;

    i) the undesirability of the case; and

    j)  awards in similar cases.

See In re Busy Beavers Bldg. Centers, Inc., 19 F.3d 833 (3d Cir. 1994); Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977); Ross Pass Mines, Inc., v. Howard, 615 F.2d 1088 (5th Cir. 1980); and Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).  The Applicant also notes that a client other than a Trustee, debtor-in-possession, debtor or committee would have been required to pay the full amount of the Applicant's time charges on a monthly basis.  Attorneys in bankruptcy practice are entitled to compensation commensurate with that received by other attorneys.  Indeed, the standard for determining compensation under Section 330 of the Bankruptcy Code is based on, among other factors, "the cost of comparable services other than in a case under [Title 11, U.S.C.].

  18. The Applicant's attorneys have acted in a professional capacity in numerous out-of-court creditor/debtor workouts, and in proceedings under the various Chapters of the Bankruptcy Act and the Bankruptcy Code, as attorneys for debtors and debtors-in-possession, attorneys for creditors and lessors, and as attorneys for creditors' committees, receivers and trustees in bankruptcy.  The Applicant enjoys a reputation for expertise in this field and in the handling of bankruptcy and insolvency related issues.

  19. The valuation of the Applicant's services in the case is based on the following considerations:

    a)  Time and labor required -- the Applicant's partners, associates and paralegals have expended hours of professional services in representing the Trustee in this case during the period covered by this application (See Exhibit "A").  This statement of time expended is prepared from the Applicant's records.  The Applicant maintains records of the time expended in the performance of professional services for the Trustee, as well as for all of its clients, consisting of diary entries by individual attorneys, paralegals and clerks, which, in turn, are typed into daily

data time entry sheets. The time sheets contain the name of the attorney, paralegal or clerk rendering the services, the time spent to the tenth of an hour, and a description of the legal services performed. The diary entries are usually made concurrently with the rendering of services. The time sheets are prepared by the secretaries of the attorneys generally within a day or two of when the services are rendered. This record-keeping system has been computerized and results in the generation of computer time printouts.

     b)    Novelty and difficulty of the questions -- the Applicant has resolved several difficult questions in these proceedings as detailed in this Application.

     c)    Skill required to perform the legal services properly and experience, reputation and ability of the attorneys -- the Applicant's attorneys qualify and are well known as highly skilled professionals in their respective fields.

     d)    The customary fee -- the hourly rates charged for the Applicant's partners, associates and paralegals are well within the range of those charged customarily by attorneys and paralegals with similar experience in cases of this size and complexity and in this geographic area. In addition, the Applicant has had to advance out-of-pocket costs without any prior payment.

     e)    Whether the fee is fixed or contingent -- at all times, Applicant's compensation has been contingent upon the availability of sufficient assets and funds in the Estate. The fee applied for is based upon the hourly charges for recorded time and is not computed or derived from any fixed fee arrangement.

     f)    Time and limitations imposed by client or other circumstances -- since the date of its employment, the Applicant has found it necessary to expend a substantial amount of time which has either delayed or precluded the Applicant's other legal work to some degree.

  h)  The experience, reputation and ability of the attorneys -- over the past years, the Applicant has participated in and represented various parties in numerous bankruptcy proceedings in the following capacities:

    1)  attorneys for Creditors' Committees in Chapter 11 cases;

    2)  attorneys for Debtors in Chapter 7, 11 and 13 cases;

    3)  attorneys for Trustees in Chapter 7 and Chapter 11 cases;

    4)  attorneys for secured creditors in Chapters 7, 11 and 13 cases; and

    5)  attorneys for unsecured creditors and lessors in reorganization and liquidation proceedings.

  i)  The undesirability of the case -- this case may be said to be undesirable from the following standpoints:

    1)  the delay and uncertainty in obtaining full compensation in comparison to other cases;

    2)  additional time and work involved in preparing and submitting applications for compensation in the form and manner required by law as compared with billings in other cases; and

    3)  time demands on the Applicant to meet emergencies and filing dates.

  j)  Awards in similar cases -- allowances to attorneys after full consideration of the foregoing factors to be applied in the awarding of a fee have heretofore been allowed and awarded by this Bankruptcy Court and other bankruptcy courts in cases within the range of hourly charges as set forth in the Applicant's Application. The Applicant believes the amount requested by it is commensurate with fee awards in cases of this size and complexity.

## IV. **CONCLUSION**

20. Applicant has attempted in this Application to be as concise as possible and not to elaborate unnecessarily on matters that are the subject of court proceedings.

21. Applicant's experience indicates that not all time actually devoted by its directors and associates with respect to clients' affairs is always entered in its time records. Occasionally lawyers and other professionals do not record all of the time spent in legal matters. Often lawyers forget to record short conferences and miscellaneous telephone calls. For these reasons, the Court should regard the aggregate of recorded hours reported in the invoice to be a conservative compilation of the time actually expended.

22. While the services described in this Application are measured by the standards propounded by the various Bankruptcy Courts - the nature and extent of the services, the complexity and urgency of the problems presented, the time expended, the result obtained, the expertise required - Applicant respectfully submits that the fees requested represent the fair and reasonable value for the services rendered for the period of time described herein.

23. This is a first and final application. Applicant does not anticipate the need for further supplemental applications.

24. Annexed hereto and made a part hereof as Exhibit "B" is an Affidavit of Andrea Dobin submitted pursuant to Section 504 of the Bankruptcy code.

25. Applicant also seeks reimbursement of its actual out-of-pocket disbursements reasonably and necessarily incurred in the rendering of professional services of $1,524.33. The disbursements are clearly identified and itemized in the invoice and are within the limits allowed by the Bankruptcy Judges in this District.

**WHEREFORE**, Applicant requests that first and final allowance be made in the sum of $53,924.00 as compensation for professional services rendered, and in the sum of $1,524.33 for reimbursement for actual and necessary costs and expenses incurred, for a total of $55,448.33.

                                              McMANIMON, SCOTLAND &
                                               BAUMANN, LLC

Dated: 4.5.2024                                        /s/ *Andrea Dobin*
                                                             Andrea Dobin

4863-6582-8531, v. 1